United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

JOHN DOE,

             Plaintiff,

    v.

MICHAEL PAGE,

             Defendant.

Case No. 26-cv-00911-BLF

**ORDER DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL AND FOR EARLY DISCOVERY**

[Re: ECF 25, 26, 28, 29]

Plaintiff, proceeding *pro se*, asserts federal and state law claims against Defendant Michael Page, an alleged employee of the Menlo Park Police Department, and other unnamed law enforcement officers and agencies. *See* Compl., ECF 1. It does not appear that Defendant Page has been served with process. This order addresses Plaintiff's motions for appointment of counsel and leave to conduct early discovery. *See* Mots., ECF 25, 26, 28, 29.

The motions are DENIED for the reasons discussed below.

**I. DISCUSSION**

The Court first addresses Plaintiff's motion for appointment of counsel, and then it takes up Plaintiff's motion for leave to conduct early discovery.

**A. Motion for Appointment of Counsel (ECF 25, 26)**

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Id*. In determining whether exceptional circumstances exist, the court must consider both the ability of the plaintiff to articulate his or her claims *pro se* and the plaintiff's likelihood of success on the merits. *Id*.

Plaintiff has not demonstrated the requisite indigency, as he states that he earns a yearly salary of $80,000.  Moreover, Plaintiff has not demonstrated the existence of exceptional circumstances.  He has articulated his claims at length in his complaint, and based on the current record the Court finds that he has not demonstrated a likelihood of success on the merits.

Accordingly, Plaintiff's motion for appointment of counsel is DENIED.

**B.      Motion for Leave to Conduct Early Discovery (ECF 28, 29)**

The Federal Rules of Civil Procedure generally prohibit a party from seeking discovery before the parties have conferred as required by Rule 26(f).  *See* Fed. R. Civ. P. 26(d).  "In the Ninth Circuit, courts use the 'good cause' standard to determine whether discovery should be allowed to proceed prior to a Rule 26(f) conference.  *Rovio Ent. Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012).  "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  *Id*. (citation omitted).

Plaintiff asserts that he needs early discovery to identify additional defendants.  He also asserts that inspection of law enforcement agencies' internal computer systems will disclose whether those agencies are investigating Plaintiff.

A district court may approve early discovery necessary to uncover the identities of Doe defendants.  *See Christopher Krause v. California Contractors State License Bd.*, No. 5:25-CV-03590-HDV-MAR, 2026 WL 711840, at *1 (C.D. Cal. Feb. 17, 2026).  "When deciding whether to permit early discovery in these situations, district courts in the Ninth Circuit consider whether plaintiff: (1) identifies the Doe defendant with sufficient specificity that the court can determine the defendant is a real person who can be sued in federal court; (2) recounts the steps taken to locate and identify the defendant; (3) demonstrates the action can withstand a motion to dismiss; and (4) proves the discovery is likely to lead to identifying information that will permit service of process."  *Id*.  Plaintiff's complaint does not identify Doe defendants with sufficient specificity, and it is unclear whether granting early discovery would lead to identifying information.  Moreover, after reviewing Plaintiff's complaint and the current record in this case, the court finds that Plaintiff has not demonstrated that this action could withstand a motion to dismiss.

United States District Court
Northern District of California

2

Accordingly, Plaintiff's motion for leave to take early discovery is DENIED.

**II.   ORDER**

(1)   Plaintiff's motion for appointment of counsel is DENIED.

(2)   Plaintiff's motion for leave to take early discovery is DENIED.

(3)   This order terminates ECF 25, 26, 28, and 29.

Dated:  March 24, 2026

_____
BETH LABSON FREEMAN
United States District Judge