**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

JOHN DOE,

Plaintiff,

v.

MICHAEL PAGE,

Defendant.

Case No. 26-cv-00911-BLF

**ORDER PROVISIONALLY GRANTING PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM; GRANTING PLAINTIFF'S ADMINISTRATIVE SEALING MOTIONS; GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION TO REMOVE INCORRECTLY FILED DOCUMENTS; AND DIRECTING CLERK TO UNSEAL CASE**

[Re: ECF 2, 3, 8, 9, 18, 23, 24]

Plaintiff, proceeding *pro se*, alleges that his rights under federal and state law have been violated by numerous law enforcement agencies and officers. *See* Compl., ECF 1. Plaintiff has sued only one defendant by name, Michael Page, an alleged employee of the Menlo Park Police Department. *See id*. Plaintiff asserts that unnamed Does 1-20 also violated his rights. *See id*. It does not appear that Defendant Page has been served with process.

Plaintiff seeks leave to proceed under the pseudonym "John Doe" and to seal portions of the complaint and its exhibits. *See* Admin. Mots., ECF 2, 3, 8, 9. The Clerk has sealed the entire action pending the Court's rulings on Plaintiff's sealing motions. Plaintiff also seeks to remove several documents on the ground that he failed to redact all sealable material from them. *See* Admin. Mots., ECF 18, 23, 24. Those motions are addressed below.

Plaintiff has filed additional motions seeking appointment of counsel and leave to conduct early discovery, and he has submitted both unredacted and redacted versions of each. *See* Mots., ECF 25, 26, 28, 29. Plaintiff's motions for appointment of counsel and early discovery will be addressed in a separate order.

## I. DISCUSSION

The Court first addresses Plaintiff's motion to proceed under a pseudonym, and then Plaintiff's motions to seal and/or remove certain documents.

### A. Motion to Proceed under a Pseudonym (ECF 2, 3)

Plaintiff requests leave to proceed under the pseudonym "John Doe." *See* Admin. Mots., ECF 2, 3. Rule 10 of the Federal Rules of Civil Procedure requires that "[t]he title of the complaint must name all the parties[.]" Fed. R. Civ. P. 10(a). However, "many federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). "In this circuit, we allow parties to use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment." *Id.* at 1067-68 (internal quotation marks and citation omitted, alteration in original). The district court must weigh the party's need for anonymity against any prejudice to the opposing party and the public's interest in knowing the party's identity. *See id.* at 1068.

Plaintiff alleges that he has been the target of undercover police investigations, suffers visual and auditory hallucinations, and was the victim of childhood trauma. He states that he will suffer extreme personal embarrassment, as well as reputational harm, if those facts were disclosed to the public. The Court finds that Plaintiff's fear of embarrassment and reputational harm constitutes an adequate basis to grant his request for leave to proceed under a pseudonym at this early stage of the proceedings. There is no prejudice to Defendant Page in allowing Plaintiff to use a pseudonym at this stage, as Defendant Page has not yet been served or appeared in the case. Accordingly, the Court will provisionally grant Plaintiff's request to use the pseudonym "John Doe," but will revisit the issue if and when Defendant Page appears in the case.

United States District Court
Northern District of California

Plaintiff's request to proceed under a pseudonym is PROVISIONALLY GRANTED.

**B. Motions to Seal (ECF 2, 3, 8, 9) and to Remove Documents (ECF 18, 23, 24)**

In conjunction with his motion to proceed pseudonymously, Plaintiff has filed motions for partial sealing of the complaint and its exhibits. *See* Admin. Mots., ECF 2, 3, 8, 9. He requests that the unredacted version of the complaint and its exhibits be maintained under seal.

Because the public has a general right to access judicial records, district courts apply a strong presumption in favor of access when evaluating sealing motions. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party moving to seal judicial records generally must overcome this presumption with "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178-79. A lower "good cause" standard applies to judicial records that are "not related, or only tangentially related, to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1099-1101; *see also Kamakana*, 447 F.3d at 1179. The compelling reasons standard applies here, because Plaintiff moves to seal portions of the complaint and exhibits thereto, which are more than tangentially related to the merits of the case. The Court finds that Plaintiff has shown compelling reasons to seal his name and identifying information given the Court's determination that he may proceed under a pseudonym. Accordingly, Plaintiff's administrative sealing motions are GRANTED.

Plaintiff has not shown compelling reasons to seal the case in its entirety. Accordingly, the Court will direct the Clerk to unseal the case while maintaining the unredacted complaint and its exhibits under seal. Redacted versions of Plaintiff's complaint and its exhibits shall be available on the public docket. Unfortunately, Plaintiff has filed multiple redacted versions of the complaint and its exhibits, along with administrative motions to remove some of those versions from the docket. Having parsed through those motions, the Court understands Plaintiff to be requesting that the following redacted documents be filed as the public versions of the complaint and exhibits: redacted complaint (ECF 13) and redacted exhibits (ECF 7-1, 7-2, 7-3, 7-4, 7-5). Plaintiff's request is GRANTED. The Clerk SHALL refile those documents as the public version of the complaint and exhibits separately on the docket. All other versions of those filings shall remain under seal.

## II. ORDER

(1) Plaintiff's motion to proceed under a pseudonym (ECF 2, 3) is PROVISIONALLY GRANTED. Plaintiff may proceed under the pseudonym "John Doe." The Clerk shall modify the docket accordingly, replacing Plaintiff's name in the caption of the case with "John Doe."

(2) The Clerk SHALL UNSEAL the case.

(3) Plaintiff's motions for partial sealing of the complaint and its exhibits, and motions to withdraw certain documents, are GRANTED. The following documents SHALL remain sealed when the Clerk unseals the case: ECF 1, 2, 3, 4, 5, 7, 18, 19, 21, 24, 25, 27, 28.

(4) The Clerk SHALL re-file the redacted complaint (ECF 13) and redacted exhibits (ECF 7-1, 7-2, 7-3, 7-4, 7-5) on the public docket.

(5) This order terminates ECF 2, 3, 8, 9, 18, 23, 24.

Dated: March 24, 2026

BETH LABSON FREEMAN
United States District Judge